CHARLES J. S CHUCK, Judge.
Claimants, George Wisman and others, are the owners of a tract of land comprising approximately seven and one-half acres located on what is known as Brown’s Creek Road, in Jefferson district, Kanawha county, West Virginia. As such owners claimants entered into several agreements in 1940 with the state road commission, culminating in a final contract executed on October 21, 1940, between claimants and the road commission, known as a “Borrow Pit Agreement,” whereby, among other provisions, for the consideration of $500.00 to them to be paid, claimants as the first parties to the said contract agreed to grant to the state road commission the right to enter on said tract to quarry and remove therefrom approximately 50,000 cubic yards of earth and stone (or a greater or lesser amount if necessary) together with the *125 right of ingress and egress, and to operate any machinery and equipment necessary for the purpose of quarrying and removing the stone in question. The said contract also sets forth that a further consideration for the rights and privileges granted by claimants shall be “. . . the improvements and benefits that will accrue to the said First Parties’ property by reason of the improvement of said Browns Creek Road.” The project was to be carried on by the road commission in conjunction with the aid and assistance of the Federal w. P. A.
The agreement executed October 6, 1938, and to be in force until October 1, 1939, contains no provisions inconsistent with the conditions set forth in the final contract, upon which this claim is based and need not be further considered in arriving at our conclusion or decision. The second agreement, dated March 18, 1940, so far as the record before us is concerned, was never executed, except that on its face there is a notation in ink as follows: “It is O. K. with me for you to use rock from this quarry on Tornado Upper Falls Road” — signed “George Wisman, August 22, 1940,” and witnessed by several witnesses. Consequently this exhibit (No. 2 state) is of no value whatever in determining the merits and justice of the claim submitted. In addition there was introduced by the state exhibit No. 3, purporting to be a letter from the assistant district right of way agent to the district engineer, which on its face shows it to be wholly self-serving and hearsay and not worthy of serious consideration on our part. However, it contains the recital that the orchard located on the tract in question and nearby to the quarry from which the stone was to be taken contained thirty-three bearing apple trees, and then proceeds with the following language which we quote:
“Many of these trees have already been totally destroyed through careless construction of approach roads and blasting and other quarry operations. It is unlikely that any of these trees will *126 have any value after this quarry has been completely worked.”
As the state was the only agency that carried on the quarrying operations the reference made in the letter to careless construction, blasting and quarry falls wholly upon the state and the agency involved, and in these respects supports fully the evidence submitted by claimants with reference to the damages done to their orchard and other parts of the property. This exhibit (No. 3 state) contains the statement (again self-serving) that the payment of $500.00 to the owner of the tract is for all damages to the residue of the premises, as well as for the quarry, and it is upon this provision in the exhibit that the state partly relies in its defense to the claim. We repeat, the letter would be of no value whatever in the usual judicial proceeding. It was never seen by the claimants before it was presented in the hearing before us: is hearsay and self-serving and therefore not binding on them. It is significant, however, that with this letter (exhibit 3) there was transmitted the identical “Borrow Pit Agreement” dated Octobér 21, 1940 upon which the claim before us is based; that the agreement had already been signed by the claimants and at that time awaited the signatures of and execution by the road commission officials to make the contract binding and complete. Having been duly executed by all parties concerned the interpretations of its provisions and the construction thereof in the light of subsequent events connected with the quarrying operations must necessarily form the basis upon which the claim before us will fall or be sustained. The evidence clearly shows and a view of the premises by two members of the court proves that the allegations set forth in claimants’ petition are substantially true. The orchard appears to have been destroyed; stone weighing many tons has been allowed to remain on the slope immediately below the quarry, undoubtedly causing the slide of earth, which, if it continues, may in time involve all of the tract and seriously impair its value; a water well at the foot of the *127 slope has been completely destroyed, and in other respects much of the property rendered useless for the purposes for which it was used before the quarrying operations began. The road (Browns Creek Road) was not improved as contemplated and intended by the contract, but on the contrary was made a gravel road, and not stone based with stone from the quarry, because of economic reasons and because the improvement of the road as contemplated by the contract had to be abandoned before reaching claimants’ land since there was no further appropriation of funds available and cheaper construction had to be used. In the opinion of a majority of the court these actions on the part of the agency concerned constitute a breach of the contract and were detrimental to claimants’ rights in the premises. Furthermore, it appears from the evidence that after the execution of the contract quarrying operations continued for several months but no stone was removed from th' property used on the road as intended, but on the contrary the stone was allowed to accumulate in piles on the upper part of the property and eventually by its weight caused the slide and the damages complained of by claimants. All of the stone quarried after the signing of the contract is still on the premises, notwithstanding the protests made to the road authorities by claimants to have it removed. Damages are continuing to accrue caused by the careless and negligent acts of the agents and employes of the department, and in our opinion are not contemplated or covered by the clause relating to “damages to the residue” as set forth in the contract, and considered in connection with all the attendant circumstances. These negligent acts were unnecessary and not merely incidental to the quarrying of the stone; therefore, were not contemplated by the clause of the contract just referred to.
Claimants wanted a worthwhile road and were ready and willing to give and furnish the necessary stone not only for the road immediately adjacent to their tract of land, but for other roads as well; to all of which purposes the state agreed, but failed to do or carry into effect.
*128 A majority of the court is therefore of the opinion, after weighing and considering all the facts involved, that claimants are entitled to damages in the sum of five hundred dollars ($500.00) in addition to any sum or sums heretofore paid, and recommend an award accordingly for payment as a full settlement for all damages past, present or future.